# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: Crystallex International Corp. v. Bolivarian Republic of Venezuela

USCA NO.: 23-1117

LOWER COURT or AGENCY and DOCKET NUMBER:
United States District Court for the District of Delaware, No. 17-mc-151-LPS

NAME OF JUDGE: Judge Leonard P. Stark

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

Crystallex International Corporation brought an action against the Bolivarian Republic of Venezuela seeking to enforce a roughly billion-dollar judgment. To satisfy Crystallex's judgment, the district court approved the sale of the shares of PDV Holding, Inc. (PDVH), which is wholly owned by Petróleos de Venezuela, S.A. (PDVSA), Venezuela's state-owned oil company. To manage the sale process, the district court appointed a special master and approved an order governing the sale process (the "Sale Procedures Order"). Certain parties below, including Crystallex and another creditor, are considered "Sale Process Parties" and have special rights under the Sale Procedures Order to participate in the sale process.

Red Tree Investments, LLC, which holds about $260 million in judgments against PDVSA, has a conditional attachment on the PDVH shares. To protect its interest in those shares, Red Tree moved to intervene in the Crystallex action and to be added as a Sale Process Party. The district court denied that motion. That denial is the action from which this appeal is taken.

The parties on appeal are Red Tree Investments, LLC; Crystallex International Corporation; the Bolivarian Republic of Venezuela; PDV Holding, Inc.; Petroleos de Venezuela, S.A.; Rosneft Trading S.A.; Blackrock Financial Management, Inc.; Contrarian Capital Management, L.L.C.; and the Special Master, Robert B. Pincus.

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

Memorandum order denying Red Tree Investments, LLC's motion to intervene and be named a Sale Process Party, D.I. 507.

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

The district court appointed a special master to design and implement a process to sell the shares of PDV Holding, Inc. (the "PDVH shares") to satisfy judgments held by Crystallex International Corporation and other parties. The special master proposed a process for the sale, which the Court ordered. The order governing the sale process (the "Sale Procedures Order") names certain parties, including Crystallex and another creditor, as "Sale Process Parties." Those parties have certain rights to participate in the sale process, including rights to be consulted on aspects of the sale and marketing process for the PDVH shares.

Red Tree Investments, LLC, which holds a conditional attachment against the PDVH shares, moved to intervene in the Crystallex action and to become a Sale Process Party in order to protect its interests in the PDVH shares. Crystallex and parties affiliated with the Bolivarian Republic of Venezuela (the "Venezuela Parties") opposed Red Tree's motion. The district court denied Red Tree's motion to intervene, primarily reasoning that Red Tree's motion was untimely.

Identify the issues to be raised on appeal:

Whether the district court erred by refusing to allow Red Tree to intervene and become a Sale Process Party where Red Tree holds a conditional attachment against the PDVH shares at issue, no other party will represent Red Tree's interests, Red Tree moved to intervene promptly upon obtaining a conditional attachment and well before the sale process is set to begin, and similarly situated creditors have been permitted to become Sale Process Parties.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this __27th__ day of __January__ ,20__23__ .

/s/ Steven F. Molo
_____
Signature of Counsel

Rev. 07/2015

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | : |
| Plaintiff, | : |
| v. | : Misc. No. 17-151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Pending before the Court is the motion of Red Tree Investments, LLC ("Red Tree") to intervene and be named a Sale Process Party.[1] (D.I. 483) The Court has reviewed the briefing filed in connection with the motion. (*See* D.I. 484, 487, 489, 492, 493, 494) Having done so, and for the reasons stated below, the motion is **DENIED**.

1. Red Tree seeks intervention pursuant to Federal Rule of Civil Procedure 24, contending it is entitled to intervention as of right (Fed. R. Civ. P. 24(a)(2)) and also should be granted permissive intervention (Fed. R. Civ. P. 24(b)(1)(B)). (*See* D.I. 484 at 5-9)

   (a) To intervene as of right under Rule 24(a)(2), Red Tree must show (1) its motion is timely, (2) it has "a sufficient interest in the litigation," (3) "the interest will be impaired or affected, as a practical matter, by the disposition of the action," and (4) its interest is not adequately represented by the existing parties. *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998). Each of these requirements is "intertwined" with the others, and all four must be

---

[1] As used in this memorandum order, capitalized but undefined terms have the same meaning ascribed to them in the Sale Procedures Order (*see* D.I. 481).

satisfied for a party to intervene as of right. *See U.S. v. Terr. of V.I.*, 748 F.3d 514, 519 (3d Cir. 2014). In conducting this analysis, the Third Circuit emphasizes "pragmatism" and "elasticity," and "favors intervention over subsequent collateral attacks." *Kleissler*, 157 F.3d at 970.

       (b)      For the Court to grant permissive intervention, Red Tree's motion must (1) be timely, (2) "ha[ve] a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), and (3) its intervention must not "unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3). *See also King v. Governor of the State of N.J.*, 767 F.3d 216, 246 (3d Cir. 2014) (discussing permissive intervention pursuant to Rule 24(b)(1)).

       2.      Red Tree has not demonstrated it is entitled to mandatory intervention under Rule 24(a)(2) because, under the unusual (and perhaps unique) circumstances involved here, its motion was not timely filed.

       (a)      "A district court's timeliness inquiry for both types of Rule 24 motions requires considering the totality of the circumstances arising from three factors: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (internal quotation marks omitted). "The delay should be measured from the time the proposed intervenor knows or should have known of the alleged risks to [its] rights or the purported representative's shortcomings." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of the Commonwealth of Pa.*, 701 F.3d 938, 950 (3d Cir. 2012) (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977)). "If [the motion to intervene] is untimely, intervention must be denied." *NAACP v. New York*, 413 U.S. 345, 365 (1973).

(b) Applying the factors to this motion, the proceedings here are at an advanced stage (it was filed in 2017 and Crystallex was granted a writ of attachment *fieri facias* on August 9, 2018 (D.I. 78 at 1)); intervention by Red Tree and its addition as a Sale Process Party will cause prejudice to the current Sale Process Parties (at least by threatening further delay); and Red Tree identifies no meritorious reason for its delay.[2] Red Tree states that "[f]or almost four years, [it] has diligently sought repayment on over $260 million of debts owed to it by PDVSA." (D.I. 484 at 1; *see also Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, 2022 WL 1265516, at *1 (D. Del. Apr. 28, 2022)) In connection with those efforts, Red Tree has, since at least August 2019, been aware of the ongoing proceedings in this case and the purported risks to its interests. *See Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, No. 19-cv-2519 (S.D.N.Y. Aug. 5, 2019), Red Tree's Motion to Lift Stay (D.I. 37) at 3-4 ("Crystallex will presumably now seek to enforce its attachment order by moving as expeditiously as possible towards a foreclosure sale of the PDVH shares – the same shares against which Red Tree should be entitled to satisfy any judgment in this case."); *see also* D.I. 487 at 7-8. Throughout these now advanced proceedings, the Court has repeatedly and openly invited input on the sale process, which is intended to facilitate Crystallex's recovery, including from non-parties such as Red Tree. (*See, e.g.*, D.I. 235 at 1-2 (asking "parties" and "non-parties" to meet and confer and submit joint status report in

---

[2] While Red Tree did not receive its judgment until 2022, and asks the Court to focus on its efforts in 2022 (*see, e.g.*, D.I. 489 at 2 & n.1, 3) (Red Tree registered its judgment in Delaware on February 8, 2022, "as soon as the 30-day automatic stay of execution under Rule 62 ended," and received its conditional attachment from this Court in "late April 2022,"), Red Tree clearly recognized the potential impact of this proceeding on its ultimate efforts to collect as far back as 2019, and in the Court's view it could have – and should have – made its interest in these proceedings known much sooner than it did. *See Benjamin ex rel. Yock*, 701 F.3d at 950 ("The delay should be measured from the time the proposed intervenor knows . . . of the alleged risks to his or her rights or the purported representative's shortcomings.").

3

January 2021, "includ[ing] their proposal(s) for how the Court should proceed with respect to determining the specific details of the sales procedures"); D.I. 383 (providing, at November 2021 hearing, "an opportunity for parties to other proceedings involving creditors of any of the Venezuela Parties to be heard")) Despite these invitations from the Court, Red Tree has not participated. Moreover, considering the time and other resources the Court and the Sale Process Parties have devoted to refining and finalizing the Sale Procedures Order, allowing Red Tree to intervene (and potentially seek to modify) the Sale Procedures Order at this point would prejudice Crystallex, which has already spent more than a decade attempting to collect the money it is owed. (D.I. 234 at 33)

(c) Under these circumstances, and taking a pragmatic view of the realities of the situation, Red Tree's motion is untimely. That said, the Court recognizes the Third Circuit's "general reluctance to dispose of a motion to intervene as of right on untimeliness grounds because the would-be intervenor actually may be seriously harmed if not allowed to intervene." *Benjamin ex rel. Yock*, 701 F.3d at 950. The Court is confident that Red Tree will not be seriously harmed by the denial of its motion. Accepting, as Red Tree states, it has no interest in affecting the sale procedures (D.I. 489 at 4) ("Red Tree is not trying to change any of the Sales Procedure Order's rules for the PDVH sales process."), then whatever interests Red Tree has can be fully protected by seeking to become an Additional Judgment Creditor, as Red Tree is free to pursue under the Sale Procedures Order (*see* D.I. 481 ¶ 30). Further, Red Tree is able, as any other entity is and has been, to seek to file amicus submissions and respond to the Court's broad invitations for input.

3. Red Tree has also failed to persuade the Court it should exercise its discretion to permit intervention. The Court's conclusion that Red Tree's motion is untimely applies with

4

equal force to permissive intervention and is a sufficient basis on which to deny permissive intervention. *See In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982) ("An application to intervene, whether of right or by permission, must be timely under the terms of Rule 24."). Furthermore, the Court is concerned that allowing additional creditors who receive conditional attachments to become a Sale Process Party at this late stage will make an already challenging process even more unwieldy and impracticable.

    4.  Two further considerations provide additional support for the Court's decision.

    (a)  First, the Special Master has recommended that the Court deny the motion, reasoning that "Red Tree had ample opportunity to seek inclusion as a Sale Process Party prior to the Court's entry of the Sale Procedures Order," adding that the Sale Procedures Order "already establishes a process by which Additional Judgment Creditors may have their Attached Judgments considered by the Special Master for purposes of the Sale Transaction." (D.I. 493 at 1) The Court agrees with the Special Master.

    (b)  Second, the Court agrees with Crystallex (D.I. 487 at 15-18) and the Venezuela Parties (D.I. 492 at 11-12) that if Red Tree were to be added as a new Sale Process Party, it would be equitable for the Court to require Red Tree to pay an equal, per capita share of the Special Master's fees and expenses, to include those incurred to date and all those going forward. That is, if Red Tree's motion were granted, the Court would require Red Tree to pay one-quarter of the amounts already paid to the Special Master, and one-quarter of all such expenditures going forward. All indications are that Red Tree is unwilling to pay this fair share, arguing it should instead only have to pay a pro rata share (based on the size of its judgment relative to the total judgments involved here) and only going forward. (*See* D.I. 484 at 11 ("Red Tree is committed to paying its *pro rata* share of the Special Master's costs and expenses"); D.I. 489 at 8-10; D.I.

494 at 8-9) Such an approach is entirely inconsistent with the approach the Court has taken to date and appears to have nothing to recommend it.

January 11, 2023  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT COURT

6

**CERTIFICATE OF SERVICE**

I certify that today, January 27, 2023, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the Third Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that the following parties consented to service by email, and that today, January 27, 2023, I caused the foregoing document to be served on those parties by email:

*(Continued on next page)*

| **Counsel for Appellee Crystallex International Corporation** ||
|---|---|
| Jeffrey L. Moyer<br>Raymond J. DiCamillo<br>Travis Steven Hunter<br>RICHARDS, LAYTON & FINGER, PA<br>One Rodney Square, Suite 600<br>920 N. King Street<br>Wilmington, DE 19801<br>Tel: (302) 651-7700<br>Fax: (302) 651-7701<br>moyer@rlf.com<br>dicamillo@rlf.com<br>hunter@rlf.com | Robert L. Weigel<br>Jason W. Myatt<br>Rahim Moloo<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166<br>Tel: (212) 351-4000<br>Fax: (212) 351-4035<br>rweigel@gibsondunn.com<br>jmyatt@gibsondunn.com<br>rmoloo@gibsondunn.com |
| Miguel A. Estrada<br>Lucas C. Townsend<br>Matthew S. Rozen<br>Adam M. Smith<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>Tel: (202) 955-8500<br>Fax: (202) 467-0539<br>mestrada@gibsondunn.com<br>ltownsend@gibsondunn.com<br>mrozen@gibsondunn.com<br>asmith@gibsondunn.com | |

*(Continued on next page)*

| **Counsel for Appellee Petróleos de Venezuela, S.A.** ||
|---|---|
| Samuel Taylor Hirzel, II<br>Jamie Lynne Brown<br>HEYMAN ENERIO GATTUSO & HIRZEL LLP<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>Tel: (302) 472-7300<br>shirzel@hegh.law<br>jbrown@hegh.law | Joseph D. Pizzurro<br>Kevin A. Meehan<br>Juan O. Perla<br>CURTIS, MALLET-PREVOST, COLT & MOSLE LLP<br>101 Park Avenue<br>New York, NY 10178<br>Tel: (212) 696-6000<br>jpizzurro@curtis.com<br>kmeehan@curtis.com<br>jperla@curtis.com |

*(Continued on next page)*

| **Counsel for Appellees PDV Holding, Inc. and CITGO Petroleum Corporation** ||
|---|---|
| Kenneth J. Nachbar<br>Alexandra M. Cumings<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>Wilmington, DE 19801<br>Tel: (302) 351-9294<br>Fax: (302) 425-3013<br>KNachbar@mnat.com<br>ACumings@mnat.com | Nathan P. Eimer<br>Lisa S. Meyer<br>Daniel D. Birk<br>Gregory M. Schweizer<br>Emily E. Sullivan<br>EIMER STAHL LLP<br>224 South Michigan Ave., Suite 1100<br>Chicago, IL 60604<br>Tel: (312) 660-7600<br>NEimer@eimerstahl.com<br>LMeyer@eimerstahl.com<br>DBirk@eimerstahl.com<br>GSchweizer@eimerstahl.com<br>ESullivan@eimerstahl.com |
| Michael J. Gottlieb<br>David J. L. Mortlock<br>Samuel G. Hall<br>WILLKIE FARR & GALLAGHER LLP<br>1875 K Street, NW<br>Washington, DC 20006<br>Tel.: (202) 303-1000<br>mgottlieb@willkie.com<br>dmortlock@willkie.com<br>shall@willkie.com | Hasim M. Mooppan<br>Gregory M. Shumaker<br>Brinton Lucas<br>JONES DAY<br>51 Louisiana Ave NW<br>Washington, DC 20001<br>Tel: (202) 879-3939<br>hmmooppan@jonesday.com<br>gshumaker@jonesday.com<br>blucas@jonesday.com |

*(Continued on next page)*

| **Counsel for Appellee Bolivarian Republic of Venezuela** ||
|---|---|
| A. Thompson Bayliss<br>Stephen C. Childs<br>ABRAMS & BAYLISS LLP<br>20 Montchanin Road, Suite 200<br>Wilmington, DE 19807<br>Tel: (302) 778-1000<br>bayliss@abramsbayliss.com<br>childs@abramsbayliss.com | Donald B. Verrilli, Jr.<br>Elaine J. Goldenberg<br>Ginger D. Anders<br>MUNGER, TOLLES & OLSON LLP<br>601 Massachusetts Avenue NW, Suite 500 E<br>Washington, D.C. 20001<br>Tel: (202) 220-1100<br>donald.verrilli@mto.com<br>elaine.goldenberg@mto.com<br>ginger.anders@mto.com |
| George M. Garvey<br>Seth Goldman<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 683-9100<br>george.garvey@mto.com<br>seth.goldman@mto.com | E. Whitney Debevoise, II<br>Stephen K. Wirth<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Avenue, NW<br>Washington, D.C. 20001-3743<br>Tel: (202) 942-5042<br>whitney.debevoise@arnoldporter.com<br>stephen.wirth@arnoldporter.com |
|  | Kent A. Yalowitz<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>Tel: (212) 836-8344<br>kent.yalowitz@arnoldporter.com |

*(Continued on next page)*

I further certify that today, January 27, 2023, I caused the foregoing document to be served by FedEx overnight upon each of the following:

| **Counsel for Rosneft Trading, S.A.** ||
| --- | --- |
| Amy Elizabeth Evans<br>Robert Craig Martin<br>DLA PIPER LLP<br>1201 N. Market Street, Suite 2100<br>Wilmington, DE 19801<br>Tel.: (302) 468-5636<br>Amy.Evans@us.dlapiper.com<br>craig.martin@dlapiper.com | Mark T. Oakes<br>NORTON ROSE FULBRIGHT<br>98 San Jacinto Blvd<br>Suite #1100, Austin, TX 78701<br>Tel. : (512) 474-5201<br>mark.oakes@nortonrosefulbright.com |

| **Counsel for the Special Master** ||
| --- | --- |
| Myron T. Steele<br>Bindu Ann George Palapura<br>Matthew Foulger Davis<br>POTTER ANDERSON & CORROON, LLP<br>1313 N. Market St., Hercules Plaza, 6th Fl.<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>Tel: (302) 964-6000<br>msteele@potteranderson.com<br>bpalapura@potteranderson.com<br>mdavis@potteranderson.com | Abraham C. Schneider<br>Court of Chancery<br>34 The Circle<br>Georgetown, DE 19947<br>Tel: (302) 856-5777 |
| Ray C. Schrock<br>Alexander W. Welch<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153-0119<br>Tel: (212) 310-8210<br>ray.schrock@weil.com<br>alexander.welch@weil.com | |

| | |
|---|---|
| January 27, 2023 | <u>/s/ Steven F. Molo</u><br>Steven F. Molo |