# IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> *Plaintiff-Appellee*, <br><br> RED TREE INVESTMENTS, LLC, <br><br> *Intervenor-Appellant*, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> *Defendant-Appellee*, <br><br> PDV HOLDING, INC., and CITGO PETROLEUM CORP., <br><br> *Intervenors-Appellees*. | No. 23-1117 |

## APPELLANT RED TREE INVESTMENTS, LLC'S
## <u>REPLY IN SUPPORT OF ITS MOTION TO EXPEDITE APPEAL</u>

Crystallex can't make up its mind. Red Tree is too late, Crystallex Br. 8-9; Red Tree is premature, *id.* at 11. Red Tree should not have drawn out the time for briefing, *id.* at 9, 11; Crystallex needs more time for briefing, *id.* at 12. In its back and forth, Crystallex ignores the basic facts that warrant an expedited appeal to allow intervention: First, Red Tree is seeking to become a Sale Process Party so it has the

rights of other creditors with attachments against PDVSA's PDVH shares. Second, the district court's conclusion that Red Tree should have intervened *years before it received more than $260 million in judgments* is simply incorrect. Third, unless this Court grants Red Tree's motion to expedite, Red Tree will be deprived of the ability to exercise Sale Process Party rights. Those rights are *independent from Red Tree's ability to participate in the sale as a judgment creditor*.

Crystallex says Red Tree can seek to have its judgment considered in the sale process, or file amicus briefs. But that misses the point of Red Tree's intervention motion, which is to participate in *shaping the sale process* as a **Sale Process Party**. The Sale Process Party rights Red Tree seeks to exercise are triggered on April 11, 2023, the last day the Special Master can recommend a date to begin pre-marketing. Unless the Court decides this appeal before then, Red Tree will be deprived of at least some of those rights.

Significantly, only Crystallex – Red Tree's direct competitor for the PDVH shares – objects to expedited review. It benefits all parties to have Red Tree's status as a Sale Process Party clarified before April 11. But Crystallex clearly is interested only in keeping other creditors out. The Court should grant Red Tree's motion.

## ARGUMENT

This Court has consistently granted expedited review where the relief sought would otherwise become moot. Motion to Expedite (Mot.) 6; *see Hill ex rel.*

*Republic First Bancorp Inc. v. Cohen*, 40 F.4th 101, 108 (3d Cir. 2022); *Onuchukwu v. Clinton*, 408 F. App'x 558, 560 (3d Cir. 2010). Here, there is precisely that risk.

Red Tree appeals the district court's denial of its motion to intervene to become a Sale Process Party. D.I. 484. That relief will become moot if Red Tree's rights are not resolved in time for it to weigh in on the Special Master's recommended Preparation Launch Date. The Special Master will make that recommendation by April 11. *See* D.I. 481 at 25 ¶30. And that is just the first of many Sale Process Party rights that Red Tree stands to lose absent a timely reversal. *See* Mot. 4-5 (describing other rights). Those rights are ***independent from judgment creditors' right to have their judgment considered as part of the PDVH share sale***. D.I. 481 at 25 ¶30.[1]

Crystallex argues that Red Tree will have "ample time" to participate before the sale itself. Crystallex Br. 10-11. But ***the pre-marketing process*** – in which Sale Process Parties have substantial input – kicks off much sooner, starting with the Special Master's recommendation on April 11. And as Crystallex acknowledges (at 10), the subsequent pre-sale process will involve "preparing for and executing a contingent bidding process and selecting a winning bidder." Absent expedited review, Red Tree's ability to influence that process will be at least partially mooted.

---

[1] As Red Tree explained below, it does not seek to alter the order's terms; it simply wants to exercise the same rights as the other Sale Process Parties. D.I. 489 at 4.

3

Crystallex incorrectly claims (at 11-12) that Red Tree can protect its interests by other means. Red Tree's ability to have its judgment considered in the sale – while undeniably important – is entirely separate from the relief Red Tree seeks on appeal, which is to **shape the sale process by exercising Sale Process Party rights**. *See* D.I. 481 at 25 ¶30. And "'seeking to file amicus submissions'" or "'responding to the Court's broad invitations for input'" are hardly substitutes for rights such as consulting with the Special Master on potential bidders or modifications to the bidding procedures. Crystallex Br. 11-12 (quoting D.I. 507 at 4). Crystallex does not say how they could be.

Crystallex argues that Red Tree "has not acted consistently with its calls for expedited treatment." Crystallex Br. 8. Its primary example is Red Tree's decision not to seek to intervene **years before it received its judgments**. *Id.* at 2, 8-9. Whether that was "delay" at all is the issue presented on appeal. No. 23-1117, Dkt. 11 at 2. It is not a basis to deny expedited review.

Crystallex's similar argument (at 2, 9) that Red Tree should have sought expedited treatment of its intervention motion below makes as little sense. Red Tree moved to intervene just weeks after the district court entered the sale procedures order, and **more than five months** before the April 11 trigger. *See* D.I. 483; D.I. 481 at 11 ¶3. Red Tree filed its notice of appeal six business days after the district court's order, and filed this motion to expedite three days after the appeal was docketed.

D.I. 507; D.I. 508; No. 23-1117, Dkt. 1. That is consistent with the expedited relief Red Tree seeks now.

Pointing to the same supposed delay, Crystallex asks the Court (at 12) to give appellees 30 days for their briefs even if the Court expedites this appeal. Crystallex identifies no reason it needs more time. The other appellees have acknowledged that 30 days is excessive and consented to Red Tree's proposed schedule. Mot. 2.

That no other party objects speaks volumes. As Crystallex argued below, "certainty of process" is critical. D.I. 487 at 13. Resolving Red Tree's Sale Process Party status before the pre-marketing process begins would be good for all parties. But Crystallex – whose "singular purpose" is to satisfy its own judgment – wants to keep out other judgment creditors like Red Tree. Crystallex Br. 3, 8. Particularly where no other party objects, the Court should view skeptically Crystallex's attempt to curtail Red Tree's participation as a Sale Process Party.

## **CONCLUSION**

The motion to expedite should be granted, and the Court should enter the following briefing schedule:

| | |
|---|---|
| Appellant's Opening Brief | February 14, 2023 (21 days after docketing) |
| Appellees' Response Brief | March 7, 2023 (21 days after opening brief) |
| Appellant's Reply Brief and Joint Appendix | March 21, 2023 (14 days after response brief) |

Should the Court instead give appellees 30 days to respond to Red Tree's opening brief, Red Tree respectfully requests that the Court bar any extensions so that the appeal can be fully briefed no later than March 30, 2023. Red Tree will waive oral argument if that would facilitate the Court's expedited consideration.

February 6, 2023

Rebecca Butcher
Jennifer L. Cree
LANDIS RATH & COBB LLP
919 Market Street, Suite 1800
Wilmington, DE 19899
Tel.: (302) 467-4400
butcher@lcrlaw.com
cree@lrclaw.com

Respectfully submitted,

/s/ Steven F. Molo
Steven F. Molo
Justin M. Ellis
Lauren F. Dayton
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
smolo@mololamken.com

Elizabeth K. Clarke
MOLOLAMKEN LLP
300 N. LaSalle Street,
Suite 5350
Chicago, IL  60654
Tel.: (312) 450-6700

*Counsel for Appellant Red Tree Investments, LLC*

## **CERTIFICATE OF SERVICE**

I certify that today, February 6, 2023, I electronically filed the foregoing Reply in Support of Motion to Expedite Appeal with the Clerk of the Court for the U.S. Court of Appeals for the Third Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that the following parties consented to service by email, and that today, February 6, 2023, I caused the foregoing Reply to be served on those parties by email:

*(Continued on next page)*

**Counsel for Appellee Crystallex International Corporation**

| | |
|---|---|
| Jeffrey L. Moyer | Robert L. Weigel |
| Raymond J. DiCamillo | Jason W. Myatt |
| Travis Steven Hunter | Rahim Moloo |
| RICHARDS, LAYTON & FINGER, PA | GIBSON, DUNN & CRUTCHER LLP |
| One Rodney Square, Suite 600 | 200 Park Avenue |
| 920 N. King Street | New York, NY 10166 |
| Wilmington, DE 19801 | Tel: (212) 351-4000 |
| Tel: (302) 651-7700 | Fax: (212) 351-4035 |
| Fax: (302) 651-7701 | rweigel@gibsondunn.com |
| moyer@rlf.com | jmyatt@gibsondunn.com |
| dicamillo@rlf.com | rmoloo@gibsondunn.com |
| hunter@rlf.com | |

Miguel A. Estrada
Lucas C. Townsend
Matthew S. Rozen
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500
Fax: (202) 467-0539
mestrada@gibsondunn.com
ltownsend@gibsondunn.com
mrozen@gibsondunn.com
asmith@gibsondunn.com

*(Continued on next page)*

**Counsel for Appellee Petróleos de Venezuela, S.A.**

| | |
|---|---|
| Samuel Taylor Hirzel, II | Joseph D. Pizzurro |
| Jamie Lynne Brown | Kevin A. Meehan |
| HEYMAN ENERIO GATTUSO & HIRZEL LLP | Juan O. Perla |
| | CURTIS, MALLET-PREVOST, COLT & MOSLE LLP |
| 300 Delaware Avenue, Suite 200 | 101 Park Avenue |
| Wilmington, DE 19801 | New York, NY 10178 |
| Tel: (302) 472-7300 | Tel: (212) 696-6000 |
| shirzel@hegh.law | jpizzurro@curtis.com |
| jbrown@hegh.law | kmeehan@curtis.com |
| | jperla@curtis.com |

*(Continued on next page)*

3

**Counsel for Appellees PDV Holding, Inc. and CITGO Petroleum Corporation**

Kenneth J. Nachbar
Alexandra M. Cumings
MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
Tel: (302) 351-9294
Fax: (302) 425-3013
KNachbar@mnat.com
ACumings@mnat.com

Nathan P. Eimer
Lisa S. Meyer
Daniel D. Birk
Gregory M. Schweizer
Emily E. Sullivan
EIMER STAHL LLP
224 South Michigan Ave., Suite 1100
Chicago, IL 60604
Tel: (312) 660-7600
NEimer@eimerstahl.com
LMeyer@eimerstahl.com
DBirk@eimerstahl.com
GSchweizer@eimerstahl.com
ESullivan@eimerstahl.com

Michael J. Gottlieb
David J. L. Mortlock
Samuel G. Hall
WILLKIE FARR & GALLAGHER LLP
1875 K Street, NW
Washington, D.C. 20006
Tel.: (202) 303-1000
mgottlieb@willkie.com
dmortlock@willkie.com
shall@willkie.com

Hasim M. Mooppan
Gregory M. Shumaker
Brinton Lucas
JONES DAY
51 Louisiana Ave NW
Washington, D.C. 20001
Tel: (202) 879-3939
hmmooppan@jonesday.com
gshumaker@jonesday.com
blucas@jonesday.com

*(Continued on next page)*

**Counsel for Appellee Bolivarian Republic of Venezuela**

A. Thompson Bayliss
Stephen C. Childs
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
Tel: (302) 778-1000
bayliss@abramsbayliss.com
childs@abramsbayliss.com

Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500 E
Washington, D.C. 20001
Tel: (202) 220-1100
donald.verrilli@mto.com
elaine.goldenberg@mto.com
ginger.anders@mto.com

George M. Garvey
Seth Goldman
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
george.garvey@mto.com
seth.goldman@mto.com

E. Whitney Debevoise, II
Stephen K. Wirth
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, D.C. 20001-3743
Tel: (202) 942-5042
whitney.debevoise@arnoldporter.com
stephen.wirth@arnoldporter.com

Kent A. Yalowitz
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel:  (212) 836-8344
kent.yalowitz@arnoldporter.com

*(Continued on next page)*

I further certify that today, February 6, 2023, I caused the foregoing Reply to be served by FedEx overnight upon each of the following:

**Counsel for Rosneft Trading, S.A.**

Amy Elizabeth Evans
Robert Craig Martin
DLA PIPER LLP
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Tel.: (302) 468-5636
Amy.Evans@us.dlapiper.com
craig.martin@dlapiper.com

Mark T. Oakes
NORTON ROSE FULBRIGHT
98 San Jacinto Blvd
Suite #1100, Austin, TX 78701
Tel. : (512) 474-5201
mark.oakes@nortonrosefulbright.com

**Counsel for the Special Master**

Myron T. Steele
Bindu Ann George Palapura
Matthew Foulger Davis
POTTER ANDERSON & CORROON, LLP
1313 N. Market St., Hercules Plaza, 6th Fl.
P.O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 964-6000
msteele@potteranderson.com
bpalapura@potteranderson.com
mdavis@potteranderson.com

Abraham C. Schneider
Court of Chancery
34 The Circle
Georgetown, DE 19947
Tel: (302) 856-5777

Ray C. Schrock
Alexander W. Welch
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8210
ray.schrock@weil.com
alexander.welch@weil.com

February 6, 2023                    /s/ Steven F. Molo

Case: 23-1117    Document: 36    Page: 13    Date Filed: 02/06/2023