**No. 23-1117**

## IN THE

# United States Court of Appeals

### FOR THE THIRD CIRCUIT

CRYSTALLEX INTERNATIONAL CORP.,
*Plaintiff-Appellee,*

RED TREE INVESTMENTS, LLC,
*Intervenor-Appellant,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,
*Defendant-Appellee,*

PDV HOLDING, INC., AND CITGO PETROLEUM CORP.,
*Intervenors-Appellees,*

PETRÓLEOS DE VENEZUELA, S.A.,
*Intervenor-Appellee.*

Appeal from the United States District Court for the District of Delaware,
No. 17 Misc. 151, Judge Leonard P. Stark

**OPENING BRIEF FOR RED TREE INVESTMENTS, LLC
AND JOINT APPENDIX VOLUME 1 OF 2 (Pages A1 to A8)**

Elizabeth K. Clarke
MOLOLAMKEN LLP
300 N. LaSalle Street
Chicago, IL 60614
(312) 450-6704

Steven F. Molo
Justin M. Ellis
Lauren F. Dayton
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10011
(212) 607-8170
smolo@mololamken.com

*Counsel for Red Tree Investments, LLC*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................1

JURISDICTIONAL STATEMENT ...........................................................2

ISSUE PRESENTED ................................................................................2

STATEMENT OF RELATED CASES .....................................................2

STATEMENT OF THE CASE...................................................................3

I.     Red Tree Obtains an Attachment To Satisfy over $260 Million in
Unpaid Judgments .........................................................................3

II.    The District Court's Move to a Sale of the PDVH Shares in the
Parallel *Crystallex* Action................................................................6

III.   Red Tree Moves To Intervene in the *Crystallex* Proceeding To Protect
Its Interest in the PDVH Shares.....................................................8

IV.   The District Court Denies Red Tree's Motion on Timeliness Grounds..........9

V.    Red Tree Appeals ........................................................................11

SUMMARY OF ARGUMENT ..............................................................11

ARGUMENT ..........................................................................................12

I.     The District Court Abused Its Discretion in Denying Red Tree's
Motion for Intervention as of Right..............................................13

    A.    Red Tree's Motion Was Timely........................................13

          1.    The District Court Erred in Analyzing the "Stage of the
Proceeding"..............................................................14

          2.    The District Court Identified No Prejudice to
Other Parties Arising from the Relief Red Tree
Actually Sought.........................................................17

3.    The District Court Failed To Consider the Reasons for
Any Delay .............................................................................19

4.    The District Court Erroneously Discounted the Harm to
Red Tree ...............................................................................20

B.    Red Tree Meets All Other Requirements To Intervene as of
Right .............................................................................................22

II.    The District Court Abused Its Discretion in Denying Red Tree's
Motion for Permissive Intervention..................................................24

III.    The District Court's "Further Considerations" Cannot Support Denial
of Intervention ...................................................................................25

CONCLUSION ....................................................................................27

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*,
   701 F.3d 938 (3d Cir. 2012) ..................................................14, 19, 21

*Bhd. of R.R. Trainmen v. Baltimore & Ohio R.R. Co.*,
   331 U.S. 519 (1947).........................................................................2

*Brock v. Ing*,
   827 F.2d 1426 (10th Cir. 1987) ........................................................27

*Brody ex rel. Sugzdinis v. Spang*,
   957 F.2d 1108 (3d Cir. 1992) ...........................................................23

*Commonwealth of Pennsylvania v. President United States of Am.*,
   888 F.3d 52 (3d Cir. 2018) ...............................................................24

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
   333 F. Supp. 3d 380 (D. Del. 2018)....................................................6

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
   932 F.3d 126 (3d Cir. 2019) ..............................................................6

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
   No. 17 Misc. 151, 2021 WL 129803 (D. Del. Jan. 14, 2021) ......................6, 22

*Crystallex Int'l Corp. v. PDV Holding Inc.*,
   No. 15 Civ. 1082, 2019 WL 6785504 (D. Del. Dec. 12, 2019) ......................23

*Harris v. Pernsley*,
   820 F.2d 592 (3d Cir. 1987) ........................................................12, 13

*Janusziewicz v. Sun Shipbuilding & Dry Dock Co.*,
   677 F.2d 286 (3d Cir. 1982) ........................................................15, 16

*Kleissler v. U.S. Forest Serv.*,
   157 F.3d 964 (3d Cir. 1998) ..................................................13, 25, 27

*McKay v. Heyison*,
  614 F.2d 899 (3d Cir. 1980) ................................................................2

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
  72 F.3d 361 (3d Cir. 1995) ....................................................14, 19, 23

*Natural Resources Defense Council v. Costle*,
  561 F.2d 904 (D.C. Cir. 1977)....................................................16, 17

*Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*,
  No. 19 Civ. 2519, 2021 WL 6092462 (S.D.N.Y. Dec. 22, 2021) ......................3

*Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*,
  No. 22 Misc. 68, 2022 WL 1265516 (D. Del. Apr. 28, 2022) ............5, 7, 20, 23

*United States v. Alcan Aluminum, Inc.*,
  25 F.3d 1174 (3d Cir. 1994) ......................................................20, 23

*United States v. City of Detroit*,
  712 F.3d 925 (6th Cir. 2013) ....................................................17, 18

*W. Watersheds Project v. Haaland*,
  22 F.4th 828 (9th Cir. 2022) ............................................................17

*Wallach v. Eaton Corp.*,
  837 F.3d 356 (3d Cir. 2016) ........................................13, 14, 17, 19

*In re White Savage Assocs.*,
  860 F.2d 1090 (Table), 1988 WL 111612 (9th Cir. Oct. 12, 1988) ..................27

**STATUTES AND RULES**

28 U.S.C. § 1291 ................................................................................2

Fed. R. Civ. P. 24(a)(2) ............................................................13, 22, 23

Fed. R. Civ. P. 24(b)..........................................................................24

Fed. R. Civ. P. 24, adv. comm. note, 1966 amend. ..................................18

Fed. R. Civ. P. 53(g)..........................................................................27

**OTHER AUTHORITIES**

Charles A. Wright & Arthur R. Miller,
  7C Fed. Prac. & Proc. Civ. (3d ed.)..............................................14, 17

## **PRELIMINARY STATEMENT**

Red Tree Investments, LLC holds more than $260 million in judgments against Petróleos de Venezuela, S.A. (PDVSA), Venezuela's state-owned oil company.  Red Tree is also one of just four creditors with an attachment against PDVSA's *only* significant U.S. asset, which is currently set for a judicial sale in the district of Delaware.  To protect that interest, Red Tree moved to intervene to participate in the sale process on equal terms with other creditors.  Red Tree never sought to modify the existing sale process, nor to relitigate settled issues.  All it asked was a seat at the table.

The district court – while never disputing Red Tree's weighty interest in participating in the sale process – denied Red Tree's motion as untimely.  It reasoned that Red Tree's failure to participate in earlier phases of the case, many of which occurred *years* before Red Tree even held a judgment against PDVSA, precluded participation in future phases of the litigation.  Despite Red Tree's assurances that it did not seek to modify the existing sale process, the district court found that Red Tree might prejudice another creditor by seeking to modify the sale process.

None of that was a reason to deny Red Tree the right to participate in the proceeding that will decide whether Red Tree recovers the hundreds of millions of

dollars it is owed. The district court's order should be reversed, and this Court should remand with orders to allow Red Tree to intervene as a Sale Process Party.

## JURISDICTIONAL STATEMENT

The district court denied Red Tree's motion to intervene on January 11, 2023. A1-6. Red Tree timely appealed on January 19, 2023. A7. This Court has jurisdiction under 28 U.S.C. § 1291 because the district court's denial of Red Tree's motion to intervene is an appealable collateral order. *Bhd. of R.R. Trainmen v. Baltimore & Ohio R.R. Co.*, 331 U.S. 519, 524 (1947); *McKay v. Heyison*, 614 F.2d 899, 903 (3d Cir. 1980).

## ISSUE PRESENTED

Whether the district court properly denied Red Tree's motion to intervene as untimely when Red Tree moved to intervene for the purpose of participating in a sale process which had not yet begun less than one month after the order governing the sale process was entered. *See* A1-6, A760-775, A779-800, A814-831.

## STATEMENT OF RELATED CASES

This case has been before this Court previously in Civil Appeals No. 18-2797; 18-2889; 18-3124; 21-1276; 21-1277; 21-1289; 22-1606; and 22-8024. Decisions arising from those appeals are reported at 932 F.3d 126 and 24 F.4th 242.

Red Tree is aware of the following related cases: *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A.*, Nos. 22 Misc. 68 & 22 Misc. 69 (D. Del.); *Red*

*Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, Nos. 19 Civ 2519 & 19 Civ 2523 (S.D.N.Y.); *Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, Nos. 22-225 & 22-232 (2d Cir.); *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, No. 19 Misc. 290 (D. Del.); *Phillips Petroleum Co. Venezuela Ltd. & ConocoPhillips Petrozuata B.V v. Petróleos de Venezuela, S.A., Corpoguanipa, S.A. & PDVSA Petróleo, S.A.*, No. 19 Misc. 342 (D. Del.); *Northrop Grumman Ship Sys., Inc., v. The Ministry of Defense of the Republic of Venezuela*, No. 20 Misc. 257 (D. Del.); *ACLI Invs. Ltd., ACL2 Invs. Ltd., & LDO (Cayman) XVIII Ltd. v. Bolivarian Republic of Venezuela*, No. 21 Misc. 46 (D. Del.); *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, No. 21 Misc. 481 (D. Del.); *Koch Minerals Sarl et al v. Bolivarian Republic of Venezuela*, No. 22 Misc. 156 (D. Del.); *ConocoPhillips Gulf of Paria B.V. v. Corporación Venezolana del Petróleo, S.A. et al.*, No. 22 Misc. 264 (D. Del.); *Dresser-Rand Co. v. Petróleos de Venezuela, S.A.*, No. 22 Misc. 347 (D. Del.); *Gold Reserve Inc. v. Bolivarian Republic of Venezuela*, No. 22 Misc. 453 (D. Del.).

## <u>STATEMENT OF THE CASE</u>

### I.    RED TREE OBTAINS AN ATTACHMENT TO SATISFY OVER $260 MILLION IN UNPAID JUDGMENTS

In 2019, Red Tree sued PDVSA for nonpayment of hundreds of millions of dollars in debt in two separate actions. *Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, No. 19 Civ 2519, 2021 WL 6092462, at *1 (S.D.N.Y. Dec. 22,

2021).  Red Tree diligently pursued its rights in those actions for several years, overcoming significant administrative delays that stalled the case.  *See Red Tree*, No. 19 Civ. 2519 (S.D.N.Y.), Dkt. 97.  Indeed, Red Tree was forced to file a petition for writ of mandamus to require the district court to decide a simple discovery motion that had been pending more than 15 months.  *In re Red Tree Invs., LLC*, No. 21-1390 (2d Cir.), Dkt. 1.

Finally, in January 2022, the Southern District of New York entered judgment for Red Tree.  *Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, Nos. 19 Civ. 2519 & 19 Civ. 2523 (S.D.N.Y.), D.I. 143.  PDVSA has since made "no discernable efforts" to pay those judgments, and currently owes Red Tree over $260 million in principal and interest.  *Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, No. 22 Misc. 68 (D. Del.), D.I. 15 at 5.

PDVSA's only significant U.S. asset is its ownership of the shares of PDV Holding, Inc. ("PDVH"), which is the parent company of CITGO Petroleum. PDVSA has "no comparable asset" in the United States to CITGO, Venezuela's "crown jewel."  A254-255, A263.  At the time Red Tree obtained its judgments, preparations for a sale of that asset were ongoing in the *Crystallex* litigation in the District of Delaware.  *See* pp. 6-8, *infra*.  Concerned that delay would cost it the opportunity to participate in that sale process, Red Tree pushed to enforce its judgments as soon as possible.  It moved (unsuccessfully) to be excused from the

4

30-day automatic enforcement stay under the federal rules. *See Red Tree*, 19 Civ. 2519 (S.D.N.Y.), D.I. 142. As soon as the stay expired, Red Tree registered its judgments in the District of Delaware, where the PDVH shares are located, and moved to attach the shares that very day. *Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, No. 22 Misc. 68, 2022 WL 1265516, at *1 (D. Del. Apr. 28, 2022).

In April 2022, the district court granted the attachment. *Red Tree*, 2022 WL 1265516, at *1. Because PDVSA's assets are currently blocked by the Office of Foreign Assets Control (OFAC), the attachment will take effect as soon as the OFAC sanctions are lifted or Red Tree obtains a license from OFAC. *Id.* The district court's order granting the attachment noted that it was granting Red Tree "the same relief" that it granted another PDVSA creditor, ConocoPhillips, which holds over a billion dollars in judgments against PDVSA. *Id.* at *3; *see OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, No. 19 Misc. 290, 2022 WL 611563, at *2 (D. Del. Mar. 2, 2022).[1]

---

[1] Unlike other creditors who hold judgments against the Republic of Venezuela, both Red Tree and ConocoPhillips hold judgments "directly against PDVSA," meaning they are "not required to show that PDVSA is the Republic's alter ego" to attach PDVSA's assets. *OI Eur. Grp.*, 2022 WL 611563, at *2.

## II.    THE DISTRICT COURT'S MOVE TO A SALE OF THE PDVH SHARES IN THE PARALLEL *CRYSTALLEX* ACTION

Even as Red Tree pursued its judgments, other creditors of PDVSA and Venezuela sought to attach the PDVH shares.  One of those creditors, Crystallex International Corp., has been attempting since 2017 to satisfy its approximately $1.4 billion judgment against Venezuela through a forced sale of the PDVH shares.  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 132 (3d Cir. 2019).  In 2018, Crystallex was granted a writ of attachment.  *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 426 (D. Del. 2018), *aff'd*, 932 F.3d 126 (3d Cir. 2019).  The *Crystallex* action, however, was then stayed while PDVSA and related parties pursued appeals.  *See* A176-177, A201.

In January 2021, the district court granted Crystallex's motion for an order of sale of the PDVH shares.  *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151, 2021 WL 129803, at *2 (D. Del. Jan. 14, 2021), *appeal dismissed*, 24 F.4th 242 (3d Cir. 2022).  In April 2021, the court appointed a special master to "devise a plan for the sale of shares of PDVH" to satisfy Crystallex's judgment and "the judgment of any other judgment creditor added to the Sale."  A344-345.  The Special Master's fees would be split between Crystallex, the "Venezuela Parties" (Venezuela, PDVSA, PDVH, and CITGO),

and ConocoPhillips. A342, A349. At that time, Red Tree still had not obtained its judgments. *See Red Tree*, 2022 WL 1265516, at *1.

The Special Master developed a proposed Sale Procedures Order, which underwent a number of iterations. *See, e.g.*, A45, A54, A56. While that process was ongoing, Red Tree obtained its judgments, registered them in Delaware, and obtained its attachment. *Red Tree*, 2022 WL 1265516, at *1. Red Tree immediately contacted the Special Master's counsel to discuss Red Tree's interest in participating in the sale, and reiterated that interest ten more times in phone calls, letters, and emails over the following months. A776 ¶ 3.

On October 11, 2022, the district court entered the final Sale Procedures Order. A716-753. The Sale Procedures Order lays out steps for an auction of the PDVH shares, including rules and timelines. *See* A725-742 ¶¶ 2-32. It provides that by April 11, 2023, the Special Master will make a recommendation to the district court about when the sale process should begin. A726-727 ¶ 3. After a 25-day period for objections, the district court will decide whether and when the sale process should begin. A726-727 ¶ 3. The sale process thus may begin, at the earliest, around May 2023.

The Sale Procedures Order names Crystallex, ConocoPhillips, and the Venezuela Parties as "Sale Process Parties" with significant consultation and objection rights over the marketing and sale process. A716. Among other things,

Sale Process Parties have the right to consult on potential bidders, *id.* at A727 ¶4; to object to marketing materials and timing, *id.* at A726-728 ¶¶3-4; to be consulted about, and object to, any modifications to the bidding procedures, A731 ¶10; to move the district court to select a bid, A732-733 ¶13; to object to the Special Master's recommended bid, A735 ¶19; to propose a list of potential bidders to the Special Master, A745-746 ¶41; and to raise concerns that proposed bidders were unfairly excluded, *id.*

The Sale Procedures Order also sets out procedures by which additional creditors can become "Additional Judgment Creditors." *See* A734 ¶15, A740-741 ¶30. "Additional Judgment Creditors" may have their judgments "considered by the Special Master for purposes of the Sale Transaction," but do not have the Sale Process Parties' consultation and participation rights. *See* A739-742 ¶¶29-32.

### III. RED TREE MOVES TO INTERVENE IN THE *CRYSTALLEX* PROCEEDING TO PROTECT ITS INTEREST IN THE PDVH SHARES

Less than a month after entry of the Sale Procedures Order, Red Tree moved to intervene in *Crystallex* to be added as a Sale Process Party. A760-778. The stated purpose of its motion was to enable Red Tree to "participate in the sale process on the same footing as other PDVSA creditors with attachments." A765.

Red Tree explained how it met each factor for intervention as of right. A768-771. Red Tree moved to intervene within a month of the Sale Procedures Order, over seven months before the sale process was to begin. A769; A806. Its

conditional writ of attachment on the PDHV shares, the only U.S.-based means to satisfy its $260 million in unpaid judgments, is an obvious interest in the sale. A769-770.  The existing parties – all Red Tree's competitors or adversaries – would not protect Red Tree's interest in the shares.  A771.  Similar factors warranted permissive intervention.  A771-772.

Red Tree sought to procedurally modify the Sale Procedures Order only to name it an additional "Sale Process Party" with the same rights as other creditors. A773-774.  Red Tree never sought to substantively modify the Sale Procedures Order.  *See* A764-765; A773-774.  Red Tree made clear that, to the extent the Court did not wish to modify the Sale Procedures Order itself, it was open to "any other procedural mechanism" that would give Red Tree the rights of a Sale Process Party.  A843 n.3.  Red Tree also volunteered to pay a *pro rata* share of the Special Master's costs and expenses going forward.  A774.

Crystallex and the Venezuela Parties opposed the motion.  A779-800; A814-831.  The Special Master opposed modification of the Sale Procedures Order, but took no position on Red Tree becoming a Sale Process Party "as a general matter." A832-833; A843 n.3.

## IV.   THE DISTRICT COURT DENIES RED TREE'S MOTION ON TIMELINESS GROUNDS

The district court denied Red Tree's motion, declaring it untimely.  A2. Although the district court noted that Red Tree "did not receive its judgment until

9

2022," it faulted Red Tree for not responding to previous invitations for "input on the sale process." A3 & n.2. While acknowledging that Red Tree was "'not trying to change any of the Sales Procedure Order's Rules for the PDVH sales process,'" the district court worried that Red Tree might nonetheless "seek to modify" the Sale Procedures Order and thereby "prejudice Crystallex." A4. It "recognize[d]" this Court's "'reluctance'" to reject motions to intervene on untimeliness grounds given the "'serious[] harm[]'" the intervenor could suffer, but claimed Red Tree would not be "seriously harmed" because it could "seek[] to become an Additional Judgment Creditor" and "file amicus submissions." *Id.*

The district court identified no independent ground for denying permissive intervention. A4-5. It stated that its untimeliness finding "applies with equal force to permissive intervention." *Id.* The district court also expressed "concern" that "additional creditors who receive conditional attachments" might seek to become Sale Process Parties, making the sale process "unwieldy." *Id.* at 5.

Finally, the district court cited two "further considerations" as "additional support." A5. It noted that the Special Master had "recommended that the Court deny the motion." *Id.* And it stated that "[a]ll indications" were that Red Tree was "unwilling" to pay what the court considered a "fair share" of the Special Master's fees – a *per capita* share of fees paid to date and going forward, rather than the *pro rata* share going forward Red Tree requested. A5-6.

## V.    RED TREE APPEALS

Red Tree timely appealed.  Given the fast-approaching launch of the sale process, Red Tree moved to expedite the appeal.  Dkt. 17.  Crystallex opposed that motion, and the motion was denied.  Dkts. 28, 38.  Red Tree tried again to expedite the appeal by serving its appendix designations early and asking the other parties whether they would be willing provide their designations before the deadline under Federal Rule of Appellate Procedure 30(b)(1).  Despite the limited nature of the record in this case, Crystallex refused.  Red Tree nevertheless is filing this brief twelve days before the deadline under Federal Rule of Appellate Procedure 31(a)(1) in a continued effort to expedite this appeal.

## SUMMARY OF ARGUMENT

Red Tree meets every requirement to intervene as of right.  The district court's denial of Red Tree's motion on timeliness grounds was erroneous.  The court considered the wrong phase of the case; failed to identify any prejudice to other parties; failed to consider Red Tree's reasons for delay; and wrongly discounted the prejudice to Red Tree.  It rightly never denied that Red Tree meets every other requirement for intervention as of right.

The district court also abused its discretion in denying permissive intervention.  Its denial rested on the same unsound finding that Red Tree's motion

was untimely and unfounded concerns that Red Tree's involvement might cause delay or other creditors might hypothetically also seek to intervene.

The "further considerations" the district court cited are no reason to deny intervention. The Special Master's arguments add nothing to the district court's own flawed analysis. And the district court's mistaken concerns about fee allocation have nothing to do with whether Red Tree meets the standard to intervene under Federal Rule of Civil Procedure 24.

## ARGUMENT

The district court abused its discretion by denying Red Tree's motion to intervene. The district court's holding that Red Tree's motion was untimely rested on a fundamental misunderstanding of the relief Red Tree was seeking and a refusal to address the reasons for any delay. There is no reason to deny either intervention as of right or permissive intervention.

Standard of Review. Denial of a motion to intervene is reviewed for abuse of discretion. *Harris v. Pernsley*, 820 F.2d 592, 597 (3d Cir. 1987). Denial of a motion to intervene as of right, however, is subject to "more stringent" review than denial of a motion for permissive intervention: It will be reversed if the district court "'has applied an improper legal standard or reached a decision'" that this Court is "'confident is incorrect.'" *Id.*

## I.    THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING RED TREE'S MOTION FOR INTERVENTION AS OF RIGHT

Under Rule 24(a), a court "***must*** permit anyone to intervene who" "claims an interest relating to the property or transaction" at issue, if "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," and no "existing party" adequately represents the intervenor's interest. Fed. R. Civ. P. 24(a)(2) (emphasis added).  This Court considers four factors: "first, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998).

Red Tree meets every requirement.  The district court's analysis of the sole factor it considered – timeliness – was premised on a misunderstanding of the relief Red Tree seeks and a disregard of Red Tree's reasons for filing when it did.

### A.    Red Tree's Motion Was Timely

In determining the timeliness of a motion to intervene, the district court must consider the "totality of the circumstances" arising from three factors: (1) the "stage of the proceeding"; (2) prejudice to the parties; and (3) the reason for delay. *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016).  "The mere passage of time . . . does not render an application untimely." *Mountain Top Condo. Ass'n v.*

*Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995). The "most important consideration" is "whether the delay in moving for intervention will prejudice the existing parties to the case." Charles A. Wright & Arthur R. Miller, 7C Fed. Prac. & Proc. Civ. § 1916 (3d ed.); *see Mountain Top*, 72 F.3d at 370. Because a prospective intervenor "may be seriously harmed if not allowed to intervene," disposing of a motion to intervene on untimeliness grounds is strongly disfavored. *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 949 (3d Cir. 2012); *see Mountain Top*, 72 F.3d at 369. The district court erred on every front.

1.   *The District Court Erred in Analyzing the "Stage of the Proceeding"*

Consideration of the "stage of the proceeding" requires more than looking at the time the motion was filed relative to the filing of the complaint. *Wallach*, 837 F.3d at 371. A motion filed well into a case may still be timely depending on the reasons for intervening. In *Wallach*, for example, this Court found an intervention motion timely despite the "advanced" stage of the proceedings because the circumstances giving rise to the need to intervene did not occur until late in the case. 837 F.3d at 375-78. Similarly, in *Benjamin*, this Court concluded that an intervention motion brought after extensive prior litigation – including denial of an earlier intervention motion by the same parties – was timely when the intervenors sought to intervene in the remedies phase of the case. 701 F.3d at 949-50.

14

The district court faulted Red Tree for moving to intervene after the Sale Procedures Order had been finalized, reasoning that Red Tree's failure to offer "input on the sale process" or weigh in on "'specific details of the sales procedures'" made Red Tree's motion untimely. A3-4. But the district court ignored the relief Red Tree actually sought. Red Tree moved to intervene to participate in the upcoming sale process, as governed by the existing Sale Procedures Order. It did not move to intervene to relitigate the "'specific details of the sales procedures,'" or to otherwise modify to Sale Procedures Order. *Id.* Indeed, Red Tree expressly disclaimed such relief, confirming that it was "not trying to change any of the Sales Procedure Order's rules for the PDVH sales process." A807. The district court should have assessed the timeliness of Red Tree's motion in light of the relief Red Tree sought – prospective participation in the sale process – not the relief Red Tree expressly disclaimed.

This Court's decision in *Janusziewicz v. Sun Shipbuilding & Dry Dock Co.*, 677 F.2d 286 (3d Cir. 1982), is on point. In *Janusziewicz*, an insurer sought to intervene several years into ongoing administrative proceedings to recover compensation paid out in connection with a workplace injury. *Id.* at 289. This Court held that the ALJ erred in failing to consider "the purpose for which intervention [was] sought." *Id.* at 293. The insurer did not seek to "reopen" issues

already resolved, but to "'participate in an upcoming . . . phase of the litigation.'" *Id.* The ALJ's untimeliness finding was therefore erroneous.

The D.C. Circuit's decision in *Natural Resources Defense Council v. Costle*, 561 F.2d 904 (D.C. Cir. 1977) (discussed with approval in *Janusziewicz*), is also illuminating.  In *Costle*, the original parties entered a settlement agreement after extensive prior litigation, including an appeal to the D.C. Circuit.  *Id.* at 906.  After the settlement was reached, two intervenors moved to "ensure their full rights of participation in the 'crucial decisions' to be made" in the "oversight and implementation of the [settlement] agreement."  *Id.* at 907.  The district court denied the motions as untimely, citing "'the age of the cases.'"  *Id.*  The D.C. Circuit reversed.  It held that the district court erred in failing to "take into account 'the purpose for which intervention [was] sought'" – "namely, the concern for participation in the implementation of the agreement."  *Id.*  The D.C. Circuit observed that the intervenors "did not seek to reopen the settled issues in the case," but instead "sought to participate in an ***upcoming***, remedial phase of the litigation."  *Id.* at 908 (emphasis added).  For those purposes, their motions were clearly timely.  *Id.*

Red Tree seeks to participate in an "upcoming" phase of the *Crystallex* litigation: the sale process, as governed by the existing Sale Procedures Order. *Janusziewicz*, 677 F.2d at 293.  Red Tree does not seek "to reopen the settled

16

issues." *Costle*, 561 F.2d at 908; *see also, e.g.*, *W. Watersheds Project v. Haaland*, 22 F.4th 828, 837-38 (9th Cir. 2022) (district court abused discretion by failing to address why intervenor "should not be permitted to participate in an ***entirely new phase*** of the litigation," which "had yet to begin" (emphasis added)).  Red Tree's motion is timely as to that upcoming stage of the case.

>        2.    *The District Court Identified No Prejudice to Other Parties Arising from the Relief Red Tree Actually Sought*

Prejudice is the "'most important consideration in deciding whether a motion for intervention is untimely.'"  *W. Watersheds*, 22 F.4th at 838; *see* Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1916 & n.13 (collecting cases).  The district court ***acknowledged*** that Red Tree was "'not trying to change any of the Sales Procedure Order's Rules for the PDVH sales process.'"  A4 (quoting A807).  It offered no reason to disbelieve Red Tree's direct representation on that point.  But it found that intervention ***could*** "prejudice Crystallex" because Red Tree ***might*** "potentially seek to modify" the Sale Procedures Order, thus "threatening further delay."  A3-4.

Counterfactual speculation about prejudice based on relief Red Tree expressly disclaimed is not grounds to deny a motion to intervene.  *Wallach*, 837 F.3d at 377-78.  Moreover, if the district court was concerned that Red Tree might "potentially seek to modify" the Sale Procedures Order, "total denial of intervention" was not the proper remedy.  *United States v. City of Detroit*, 712 F.3d

925, 927 (6th Cir. 2013).   The district court could simply have conditioned Red Tree's intervention on not seeking to modify the sale procedures.   *See* Fed. R. Civ. P. 24, adv. comm. note, 1966 amend.   Any concerns the district court had would have been "alleviated by limiting the scope of intervention instead of outright denial."  *City of Detroit*, 712 F.3d at 927.

*City of Detroit* is instructive.   In that case, various unions sought to intervene in a complex environmental compliance action that had been pending for more than thirty years.  *Id.* at 926-27.   The district court denied the motion as untimely, noting the case's "long history" of the unions' failure to "limit the scope of interventions," which the court thought "evidence[ed] a willingness to challenge core premises of the litigation."  *Id.* at 931.   The Sixth Circuit reversed.   While acknowledging the district court's "legitimate concerns with finality, prejudice, and efficiency," the Sixth Circuit held that the proper way to address those concerns was to limit the scope of intervention "on a prospective basis," not to deny intervention outright. *Id.* at 932-33.

Red Tree's case for intervention is even stronger.   Unlike the intervenors in *City of Detroit*, who made "no attempt to limit the scope of intervention" and threatened to "challenge core premises" of the long-running litigation, 712 F.3d at 931, Red Tree voluntarily limited the scope of its intervention to "prospective" participation and affirmatively represented that it was " 'not trying to change any of

the Sales Procedure Order's Rules for the PDVH sales process.'" A807. The district court disregarded the expressly limited purpose of Red Tree's intervention.

### 3. *The District Court Failed To Consider the Reasons for Any Delay*

Even if Red Tree's failure to intervene earlier in the case was relevant, the district court erred in failing to consider the "'reason for the delay.'" *Wallach*, 837 F.3d at 371. The district court faulted Red Tree for not intervening ***in 2019*** – nearly ***three years*** before Red Tree secured its judgments. A3-4 & n.2. But delay "should be measured from the time the proposed intervenor knows or should have known of the alleged risks to his or her rights." *Benjamin*, 701 F.3d at 950. That necessarily requires the party to have a "right" it could seek to protect through intervention. A "mere economic interest in the outcome of the litigation" is not such a "right." *Mountain Top*, 72 F.3d at 366-67. A creditor's interest in "satisfy[ing] any judgment [it] may be able to obtain," by itself, does not justify intervention. *Id.* at 366. Red Tree could not have intervened in this matter years before it even obtained a judgment against PDVSA, much less an attachment against the specific shares at issue in *Crystallex*. The district court identified no reason to think otherwise.

Moreover, Red Tree acted diligently to protect its rights by other means even before it secured its conditional attachments in April 2022. It moved expeditiously to secure its judgments and enforce them, despite opposition from PDVSA at every

turn.  A805-806; *see* pp. 3-5, *supra.*  It registered its judgments in Delaware at the first possible opportunity, and moved to attach the PDVH shares that same day. *See Red Tree*, 2022 WL 1265516, at *1; A805-806.   Red Tree also contacted counsel for the Special Master immediately after receiving an attachment, and followed up ***ten times*** between February and October 2022 to express Red Tree's interest in participating in the PDVH share sale.  A766-767 ¶¶3-5.  When a party "takes reasonable steps to protect its interests" – such as by attempting to resolve matters informally with other parties – "its application [to intervene] should not fail on timeliness grounds."  *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1182 (3d Cir. 1994) (reversing denial).  The district court ignored the "reasonable steps" taken by Red Tree.

4.    *The District Court Erroneously Discounted the Harm to Red Tree*

The district court erred again by disregarding the harm Red Tree will suffer absent intervention.  Red Tree holds over $260 million in unsatisfied judgments against PDVSA – judgments PDVSA has made no effort to pay.  A776 ¶2.  As far as Red Tree is aware, the PDVH shares are the ***only*** U.S. asset that can satisfy its judgments.  *See* A254-255, A263 (PDVSA has "no comparable asset" to CITGO, Venezuela's "crown jewel").  Other judgment creditors, who are Red Tree's direct competitors for the limited PDVH asset pool, will be permitted to protect their judgments by participating in the PDVH sale process as Sale Process Parties.

A716.  One of those creditors, Crystallex, has a guaranteed right to "credit bid" under the Sale Procedures Order, A738 ¶26, incentivizing it to push for a sale price no higher than would satisfy its own judgment.  Red Tree, meanwhile, will be forced to sit on the sidelines while other parties shape the sale process.

The district court acknowledged this Court's reluctance to allow rejection of a motion to intervene on untimeliness grounds given the "'serious[ ] harm[ ]'" that could befall the intervenor.  A4 (quoting *Benjamin*, 701 F.3d at 950).  Then it ignored the harm Red Tree faces as a result of the denial of its motion.  It reasoned that instead of intervening as a Sale Process Party, Red Tree could "become an Additional Judgment Creditor," "file amicus submissions," or respond to "invitations for input."  *Id.*  But that again ignores the relief Red Tree actually sought.  Red Tree moved to intervene to ***shape the sales process*** as a Sale Process Party.  It sought to obtain the objection and consultation rights that only Sale Process Parties have.  Those rights include, among other things, the right:

- to consult on potential bidders, A727 ¶4;

- to object to marketing materials and timing, A726 ¶3 & A727-728 ¶4;

- to be consulted about, and object to, any modifications to the bidding procedures, A731 ¶10;

- to move the district court to select a bid, A732-733 ¶13;

- to object to the Special Master's recommended bid, A735 ¶19;

- to propose a list of potential bidders to the Special Master, A746-747 ¶41;

- and to raise concerns that proposed bidders were unfairly excluded, A746-747 ¶41.

"Additional Judgment Creditors" and amici do not have any of those rights under the Sale Procedures Order. *See generally* A716-753. Having its judgment "considered" in the sale process would not give Red Tree the ability to object to marketing materials and timing, or to consult on potential bidders. The right to file amicus briefs would not allow Red Tree to be consulted on modifications to bidding procedures, or to propose potential bidders.

Red Tree wants to become a Sale Process Party so that it can participate in and shape the sale process to ensure that it results in a bid sufficient to cover its judgment. *See Crystallex*, 2021 WL 129803, at *18 ("whole point of the . . . sales process" is "to maximize the sales price obtained"). Being barred from the sale process prejudices that interest. The district court erred in concluding otherwise.

## B. Red Tree Meets All Other Requirements To Intervene as of Right

The district court identified no other reason to deny intervention, and there is none. Red Tree has an obvious "interest relating to the property or transaction that is the subject" of this action. Fed. R. Civ. P. 24(a)(2). An "interest" sufficient for intervention need only be "'one which the ***substantive*** law recognizes as belonging

to or being owned by the applicant.'" *Alcan*, 25 F.3d at 1185 (emphasis in original). Red Tree holds two unsatisfied judgments against PDVSA totaling over $260 million. A776 ¶2. Red Tree has an attachment against the PDVH shares, which will become effective as soon as OFAC sanctions are lifted or when Red Tree obtains a special license. *Red Tree*, 2022 WL 1265516, at *1. That kind of interest in a "specific fund" is sufficient for intervention. *Mountain Top*, 72 F.3d at 366. Indeed, the district court has previously concluded in this case that holders of unpaid PDVSA bonds – who lacked judgments, much less attachments – had a qualifying interest. *Crystallex Int'l Corp. v. PDV Holding Inc.*, No. 15 Civ. 1082, 2019 WL 6785504, at *5 (D. Del. Dec. 12, 2019) (bondholders' "interest in collecting money owed to them by the Republic" was sufficient).

Red Tree's interests will not be "adequately represent[ed]" by the "existing parties." Fed. R. Civ. P. 24(a)(2). The Venezuela Parties are recalcitrant judgment debtors who have every incentive to ***oppose*** Red Tree's interests. The other two Sale Process Parties, Crystallex and ConocoPhillips, are Red Tree's competitors for the limited PDVSA asset pool. *See* Dkt. 28 at 3 (Crystallex arguing that the "singular purpose" of the proceeding is to satisfy Crystallex's debt). Crystallex's right to credit bid alone means it cannot adequately represent Red Tree's interests. A738 ¶26. That "divergence of interests," *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992), easily clears this element's "'minimal'" bar,

23

*Commonwealth of Pennsylvania v. President United States of Am.*, 888 F.3d 52, 60 (3d Cir. 2018).

## II. THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING RED TREE'S MOTION FOR PERMISSIVE INTERVENTION

The district court also erred in denying Red Tree permissive intervention. Under Rule 24(b), a district court, on a "timely motion," "may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The district court never concluded that Red Tree's claims do not share "common question[s] of law or fact" with the others in the *Crystallex* action. Instead, it cited its prior finding that Red Tree's motion is untimely as a "sufficient basis" to deny permissive intervention. A4-5. That conclusion is erroneous for all the reasons explained above. *See* pp. 13-22, *supra*.

In denying permissive intervention, the district court expressed concern that allowing "additional creditors" to become Sale Process Parties would make the sale process "even more unwieldy and impracticable." A5. To the extent the district court was referring to ***Red Tree's*** participation in the sale process, that concern was unfounded. As explained, *see* p. 18-19, *supra*, Red Tree did not seek to make any changes to the order, or seek any special rights. Nothing about Red Tree's involvement would alter the Court's and the Special Master's ultimate control over the sale process. A774. Moreover, Red Tree's incentive was and

remains to maximize the sale price of the shares – what the district court itself called the "whole point" of the sale process. A312. It was error for the district court to deny permissive intervention because it thought Red Tree's involvement would hinder the sale process.

And if the district court's concern was the risk that other creditors in addition to Red Tree might seek to become Sale Process Parties in the future, that concern was purely hypothetical. The district court did not identify any other creditors that had sought to become Sale Process Parties. *See* A5. Besides Crystallex and ConocoPhillips, only one other creditor, Dresser-Rand, has an attachment, and it has not sought to become a Sale Process Party. A766-767; *see Dresser-Rand Co. v. Petróleos de Venezuela, S.A.*, No. 22 Misc. 347 (D. Del.), D.I. 14. Neither has any other party, then or since. The district court erred in denying Red Tree's motion based on theoretical concerns about what other parties ***might*** do.

## III.   THE DISTRICT COURT'S "FURTHER CONSIDERATIONS" CANNOT SUPPORT DENIAL OF INTERVENTION

The district court cited two "further considerations" in support of its denial of intervention. Those "considerations" are untethered from the factors this Court has held govern intervention, *see Kleissler*, 157 F.3d at 969, and do not support denial.

The district court first noted that the Special Master "has recommended that the Court deny the motion." A5. But the Special Master's reasons for denial add nothing to the district court's own flawed reasoning. The district court quoted the Special Master's claim that Red Tree had "'ample opportunity to seek inclusion as a Sale Process Party prior to the Court's entry of the Sale Procedures Order.'" A5. But, as explained above, Red Tree moved to intervene to participate in the *sale process*. *See* pp. 14-17, *supra*. The district court also repeated the Special Master's assertion that Red Tree could protect its interests by seeking to become an Additional Judgment Creditor. A5. But, as discussed, pp. 20-22, *supra*, that is no substitute for Sale Process Party rights.[2]

The district court also reasoned that Red Tree's proposal to pay a *pro rata* share of the Special Master's fees warranted denial. A5-6. But whether Red Tree pays a *per capita* or *pro rata* share has nothing to do with whether Red Tree's motion is timely, or any other consideration that is relevant under Rule 24. *See*

---

[2] The Special Master, moreover, later clarified that he did not object to Red Tree becoming a Sale Process Party *per se*. His objections related to the "***specific procedural mechanism*** by which Red Tree [sought] to become a Sale Process Party (*i.e.*, amendment of the Sale Procedures Order)." A843 n.3 (emphasis added). Although he "believe[d] that the Sale Procedures Order already protects Red Tree's interests as a creditor," he took "***no additional position*** on Red Tree becoming a Sale Process Party as a general matter." A843 n.3 (emphasis added). Red Tree, while disagreeing, clarified that it did not "object to any other procedural mechanism would have the same effect as adding Red Tree as a Sale Process Party." A843 n.3. The district court failed to consider the Special Master's clarification, or the availability of other relief that would have the effect of adding Red Tree as a Sale Process Party. *See* A5.

*Kleissler*, 157 F.3d at 969.  To the extent the district court preferred a particular fee arrangement, it should have addressed that question separately from Red Tree's motion to intervene.  *See In re White Savage Assocs.*, 860 F.2d 1090 (Table), 1988 WL 111612, at *2 (9th Cir. Oct. 12, 1988).

The district court's assessment was also incorrect on the merits.  Federal Rule of Civil Procedure 53(g) requires the court's fee allocation to "consider[] . . . the extent to which any party is more responsible than other parties for the reference to a master."  Other parties are surely "more responsible" than Red Tree for the Special Master's expenses.  Crystallex and ConocoPhillips both hold larger judgments.  And the Venezuela Parties, who have stubbornly refused to pay their debts, are more "responsible" still.  *See Brock v. Ing*, 827 F.2d 1426, 1428 (10th Cir. 1987) (special master's fees should be paid by the "'wrongdoer'").  Under that standard, Red Tree paying a *pro rata* share of the Special Master's costs and expenses would be the equitable allocation.

## <u>CONCLUSION</u>

This Court should reverse, vacate the denial of Red Tree's motion, and remand with instructions to permit Red Tree to intervene to participate as a Sale Process Party.

February 22, 2023                    Respectfully submitted,

                                     /s/ Steven F. Molo
                                     Steven F. Molo
                                     Justin M. Ellis
                                     Lauren F. Dayton
                                     MOLOLAMKEN LLP
                                     430 Park Avenue
                                     New York, NY  10022
                                     Tel.: (212) 607-8170
                                     smolo@mololamken.com

                                     Elizabeth K. Clarke
                                     MOLOLAMKEN LLP
                                     300 N. LaSalle Street
                                     Chicago, IL  60654
                                     Tel.: (312) 450-6700


         *Counsel for Appellant Red Tree Investments, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.   This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

<u> X </u>   this brief contains 6,472 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), or

___   this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

<u> X </u>   this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font, or

___   this brief has been prepared in a monospaced typeface using [state name and version of word processing program] with [state number of characters per inch and name of type style].

February 22, 2023                    <u>/s/ Steven F. Molo</u>

## <u>CERTIFICATE OF SERVICE</u>

I certify that today, February 22, 2023, I electronically filed the foregoing Brief for Appellant Red Tree Investments, LLC with the Clerk of the Court for the U.S. Court of Appeals for the Third Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Unless otherwise noted, seven copies will be filed with the Court within the time provided in the Court's rules via FedEx.

February 22, 2023                     /s/ Steven F. Molo

## **CERTIFICATE OF BAR MEMBERSHIP**

Pursuant to Third Circuit Local Appellate Rule 28.3(d), I certify that I am a member of the Bar of this Court.


February 22, 2023                    /s/ Steven F. Molo

## <u>CERTIFICATION OF VIRUS SCAN</u>

I certify, pursuant to Third Circuit Local Appellate Rule 31.1(c), that a virus detection program has been run on this file and that no virus was detected.  The virus detection program utilized was SentinelOne Agent, version 22.2.4.558.


February 22, 2023                     <u>/s/ Steven F. Molo</u>

## CERTIFICATE OF IDENTITY BETWEEN
## ELECTRONIC AND PAPER COPIES

I certify, pursuant to Third Circuit Local Appellate Rule 31.1(c), that the text

of the electronic brief is identical to the text in the paper copies.


February 22, 2023                    /s/ Steven F. Molo

**No. 23-1117**

IN THE

# United States Court of Appeals

## FOR THE THIRD CIRCUIT

CRYSTALLEX INTERNATIONAL CORP.,
*Plaintiff-Appellee,*

RED TREE INVESTMENTS, LLC,
*Intervenor-Appellant,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,
*Defendant-Appellee,*

PDV HOLDING, INC., AND CITGO PETROLEUM CORP.,
*Intervenors-Appellees,*

PETRÓLEOS DE VENEZUELA, S.A.,
*Intervenor-Appellee.*

Appeal from the United States District Court for the District of Delaware,
No. 17 Misc. 151, Judge Leonard P. Stark

---

## JOINT APPENDIX VOLUME 1 OF 2 (Pages A1 to A8)

---

Elizabeth K. Clarke
MOLOLAMKEN LLP
300 N. LaSalle Street
Chicago, IL 60614
(312) 450-6704

Steven F. Molo
Justin M. Ellis
Lauren F. Dayton
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10011
(212) 607-8170
smolo@mololamken.com

*Counsel for Red Tree Investments, LLC*

# JOINT APPENDIX
## TABLE OF CONTENTS
### VOLUME 1
### In Compliance with Local Rule 32.2(c)

| Item | D.I. No. | Description | App'x Page |
|------|----------|-------------|------------|
| 1 | 507 | Memorandum Order Regarding Motion to Intervene and to Modify the Sale Procedures Order | A1 |
| 2 | 508 | Notice of Appeal, Filed by Red Tree Investments, LLC | A7 |

### VOLUME 2
### Docket Sheet and Documents Filed in Case No. 17 Misc. 151 (LPS)
### (District of Delaware)

| Item | D.I. No. | Description | App'x Page |
|------|----------|-------------|------------|
| 3 | N/A | Docket sheet for 17 Misc. 151 | A9 |
| 4 | 78 | Order Regarding Motion for Writ of Attachment Fieri Facias Pursuant to 28 U.S.C. Section 1610(c) Filed by Crystallex International Corporation | A67 |
| 5 | 95 | Memorandum Order | A69 |
| 6 | 100 | Motion to Intervene, Filed by Rosneft Trading S.A. | A77 |

| Item | D.I. No. | Description | App'x Page |
|------|----------|-------------|------------|
| 7 | 105 | Opening Brief in Support of Motion to Intervene and Motion to Stay Execution of the Judgment, Filed by Blackrock Financial Management, Inc., Contrarian Capital Management, L.L.C. | A100 |
| 8 | 112 | Answering Brief in Opposition to Rosneft Trading S.A.'s Motion to Intervene, Motion to Stay re [78] Order, Memorandum and Order/Motion of Petroleos de Venezuela, S.A. to Continue the Unconditional Stay Pending Appeal, Motion to Intervene, Motion to Intervene and Motion to Stay Execution of the Judgment, Filed by Crystallex International Corporation. | A124 |
| 9 | 154 | Memorandum Order Regarding Pending Motions and Stay [D.I. 26 in 19 Misc. 290] | A173 |
| 10 | 167 | Letter to The Honorable Leonard P. Stark from Travis S. Hunter, Esquire Regarding Status Update on Supreme Court Proceedings and Request to Lift Stay | A198 |
| 11 | 174 | Memorandum Order | A201 |
| 12 | 180 | Opening Brief in Support Regarding Conduct of PDV Holding, Inc. Share Sale Filed by Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V. | A204 |
| 13 | 198 | Answering Brief in Opposition to Brief Regarding Potential Future Sale Proceedings and Brief Regarding Conduct of PDV Holding, Inc. Share Sale, Filed by Crystallex International Corporation | A223 |
| 14 | 212 | Statement of Interest of the United States | A248 |
| 15 | 234 | Opinion Regarding Pending Motions | A274 |

| Item | D.I. No. | Description | App'x Page |
|:---:|:---:|:---|:---:|
| 16 | 235 | Order Regarding Opinion -- Motion for Relief Under Federal Rule Civil Procedure 60(b), Filed by Bolivarian Republic of Venezuela; Motion for Order of Sale Filed by Crystallex International Corporation; Motion to Quash the Writ of Attachment Filed by PDV Holding, Inc., CITGO Petroleum Corporation | A314 |
| 17 | 258 | Memorandum Order appointing Robert B. Pincus, Esq. as Special Master | A316 |
| 18 | 260 | Letter to The Honorable Leonard P. Stark from Robert B. Pincus Regarding Proposed Order Regarding Special Master | A319 |
| 19 | 261 | Letter to The Honorable Leonard P. Stark from Daniel A. Mason Regarding Proposed Order Regarding Special Master | A328 |
| 20 | 263 | Letter to The Honorable Leonard P. Stark from Travis S. Hunter Regarding Proposed Order Regarding Special Master | A330 |
| 21 | 266 | Letter to The Honorable Leonard P. Stark from Garrett B. Moritz Regarding Objection to Certain Portions of the Proposed Order Filed by the Special Master | A332 |
| 22 | 275 | Memorandum Order Regarding Issues and Objections Related to the Special Master | A334 |
| 23 | 276 | Letter to The Honorable Leonard P. Stark from Daniel A. Mason Regarding Memorandum and Order | A341 |
| 24 | 277 | Order Regarding Special Master | A342 |
| 25 | 291 | Confidentiality Order | A352 |

| Item | D.I. No. | Description | App'x Page |
|------|----------|-------------|------------|
| 26 | 409 | Official Transcript of Oral Argument Hearing held on November 8, 2021 | A365 |
| 27 | 414 | Answering Brief in Opposition re 404 Motion to Intervene Filed by Crystallex International Corporation | A629 |
| 28 | 443 | Opinion | A649 |
| 29 | 444 | Order Regarding Opinion on Sale Process Parties' Objections to the Special Master's Proposed Sale Procedures Order | A699 |
| 30 | 447 | Consent Order Regarding Resolution of Outstanding Objections to Proposed Sale Procedures Order | A701 |
| 31 | 469 | Memorandum Order relating to the remaining objections to the most recently filed version of the Proposed Sale Procedures Order | A704 |
| 32 | 477 | Objections by PDV Holding, Inc. to Status Report | A715 |
| 33 | 481 | Sale Procedures Order | A716 |
| 34 | 482 | Declaration Undertaking Acknowledging and Agreeing to be Bound by Special Master Confidentiality by Justin Ellis of MoloLamken LLP | A754 |
| 35 | 483 | Motion to Intervene and to Modify the Sale Procedures Order, Filed by Red Tree Investments, LLC | A757 |
| 36 | 484 | Opening Brief in Support Motion to Intervene and to Modify the Sale Procedures Order, Filed by Red Tree Investments, LLC | A760 |

| Item | D.I. No. | Description | App'x Page |
|------|----------|-------------|------------|
| 37 | 485 | Declaration of Justin M. Ellis in Support of Red Tree Investments, LLCs Motion to Intervene and to Modify the Sale Procedures Order | A776 |
| 38 | 487 | Answering Brief in Opposition to Motion to Intervene and to Modify the Sale Procedures Order, Filed by Crystallex International Corporation | A779 |
| 39 | 489 | Reply Brief in Support of Motion to Intervene and to Modify the Sale Procedures Order, Filed by Red Tree Investments, LLC | A801 |
| 40 | 492 | Answering Brief in Opposition to Motion to Intervene and to Modify the Sale Procedures Order Venezuela Parties' Response In Opposition To Red Tree Investments, LLC's Motion To Intervene And To Modify The Sale Procedures Order, Filed by CITGO Petroleum Corporation, PDV Holding, Inc. | A814 |
| 41 | 493 | Letter to The Honorable Leonard P. Stark from Myron T. Steele Regarding The Special Master's Response to Red Tree Investments LLC's Motion to Intervene and to Modify the Sale Procedures Order | A832 |
| 42 | 494 | Reply Brief in Support of Motion to Intervene and to Modify the Sale Procedures Order Filed by Red Tree Investments, LLC | A834 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

CRYSTALLEX INTERNATIONAL CORP.,　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　　　　　　　:　　　　Misc. No. 17-151-LPS
　　　　　　　　　　　　　　　　　　　　　:
BOLIVARIAN REPUBLIC OF VENEZUELA,　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　Defendant.　　　　　　　　　　　　:

---

## MEMORANDUM ORDER

Pending before the Court is the motion of Red Tree Investments, LLC ("Red Tree") to intervene and be named a Sale Process Party.[1]  (D.I. 483)  The Court has reviewed the briefing filed in connection with the motion.  (*See* D.I. 484, 487, 489, 492, 493, 494)  Having done so, and for the reasons stated below, the motion is **DENIED**.

1.　　　Red Tree seeks intervention pursuant to Federal Rule of Civil Procedure 24, contending it is entitled to intervention as of right (Fed. R. Civ. P. 24(a)(2)) and also should be granted permissive intervention (Fed. R. Civ. P. 24(b)(1)(B)).  (*See* D.I. 484 at 5-9)

(a)　　　To intervene as of right under Rule 24(a)(2), Red Tree must show (1) its motion is timely, (2) it has "a sufficient interest in the litigation," (3) "the interest will be impaired or affected, as a practical matter, by the disposition of the action," and (4) its interest is not adequately represented by the existing parties.  *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998).  Each of these requirements is "intertwined" with the others, and all four must be

---

[1] As used in this memorandum order, capitalized but undefined terms have the same meaning ascribed to them in the Sale Procedures Order (*see* D.I. 481).

satisfied for a party to intervene as of right. *See U.S. v. Terr. of V.I.*, 748 F.3d 514, 519 (3d Cir. 2014). In conducting this analysis, the Third Circuit emphasizes "pragmatism" and "elasticity," and "favors intervention over subsequent collateral attacks." *Kleissler*, 157 F.3d at 970.

(b)     For the Court to grant permissive intervention, Red Tree's motion must (1) be timely, (2) "ha[ve] a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), and (3) its intervention must not "unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3). *See also King v. Governor of the State of N.J.*, 767 F.3d 216, 246 (3d Cir. 2014) (discussing permissive intervention pursuant to Rule 24(b)(1)).

2.     Red Tree has not demonstrated it is entitled to mandatory intervention under Rule 24(a)(2) because, under the unusual (and perhaps unique) circumstances involved here, its motion was not timely filed.

(a)     "A district court's timeliness inquiry for both types of Rule 24 motions requires considering the totality of the circumstances arising from three factors: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (internal quotation marks omitted). "The delay should be measured from the time the proposed intervenor knows or should have known of the alleged risks to [its] rights or the purported representative's shortcomings." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of the Commonwealth of Pa.*, 701 F.3d 938, 950 (3d Cir. 2012) (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977)). "If [the motion to intervene] is untimely, intervention must be denied." *NAACP v. New York*, 413 U.S. 345, 365 (1973).

(b)      Applying the factors to this motion, the proceedings here are at an advanced stage (it was filed in 2017 and Crystallex was granted a writ of attachment *fieri facias* on August 9, 2018 (D.I. 78 at 1)); intervention by Red Tree and its addition as a Sale Process Party will cause prejudice to the current Sale Process Parties (at least by threatening further delay); and Red Tree identifies no meritorious reason for its delay.[2]  Red Tree states that "[f]or almost four years, [it] has diligently sought repayment on over $260 million of debts owed to it by PDVSA."  (D.I. 484 at 1; *see also Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, 2022 WL 1265516, at *1 (D. Del. Apr. 28, 2022))  In connection with those efforts, Red Tree has, since at least August 2019, been aware of the ongoing proceedings in this case and the purported risks to its interests.  *See Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, No. 19-cv-2519 (S.D.N.Y. Aug. 5, 2019), Red Tree's Motion to Lift Stay (D.I. 37) at 3-4 ("Crystallex will presumably now seek to enforce its attachment order by moving as expeditiously as possible towards a foreclosure sale of the PDVH shares – the same shares against which Red Tree should be entitled to satisfy any judgment in this case."); *see also* D.I. 487 at 7-8.  Throughout these now advanced proceedings, the Court has repeatedly and openly invited input on the sale process, which is intended to facilitate Crystallex's recovery, including from non-parties such as Red Tree.  (*See, e.g.*, D.I. 235 at 1-2 (asking "parties" and "non-parties" to meet and confer and submit joint status report in

---

[2] While Red Tree did not receive its judgment until 2022, and asks the Court to focus on its efforts in 2022 (*see, e.g.*, D.I. 489 at 2 & n.1, 3) (Red Tree registered its judgment in Delaware on February 8, 2022, "as soon as the 30-day automatic stay of execution under Rule 62 ended," and received its conditional attachment from this Court in "late April 2022,"), Red Tree clearly recognized the potential impact of this proceeding on its ultimate efforts to collect as far back as 2019, and in the Court's view it could have – and should have – made its interest in these proceedings known much sooner than it did.  *See Benjamin ex rel. Yock*, 701 F.3d at 950 ("The delay should be measured from the time the proposed intervenor knows . . . of the alleged risks to his or her rights or the purported representative's shortcomings.").

January 2021, "includ[ing] their proposal(s) for how the Court should proceed with respect to

determining the specific details of the sales procedures"); D.I. 383 (providing, at November 2021

hearing, "an opportunity for parties to other proceedings involving creditors of any of the

Venezuela Parties to be heard")) Despite these invitations from the Court, Red Tree has not

participated. Moreover, considering the time and other resources the Court and the Sale Process

Parties have devoted to refining and finalizing the Sale Procedures Order, allowing Red Tree to

intervene (and potentially seek to modify) the Sale Procedures Order at this point would

prejudice Crystallex, which has already spent more than a decade attempting to collect the

money it is owed. (D.I. 234 at 33)

   (c)  Under these circumstances, and taking a pragmatic view of the realities of the

situation, Red Tree's motion is untimely. That said, the Court recognizes the Third Circuit's

"general reluctance to dispose of a motion to intervene as of right on untimeliness grounds

because the would-be intervenor actually may be seriously harmed if not allowed to intervene."

*Benjamin ex rel. Yock*, 701 F.3d at 950. The Court is confident that Red Tree will not be

seriously harmed by the denial of its motion. Accepting, as Red Tree states, it has no interest in

affecting the sale procedures (D.I. 489 at 4) ("Red Tree is not trying to change any of the Sales

Procedure Order's rules for the PDVH sales process."), then whatever interests Red Tree has can

be fully protected by seeking to become an Additional Judgment Creditor, as Red Tree is free to

pursue under the Sale Procedures Order (*see* D.I. 481 ¶ 30). Further, Red Tree is able, as any

other entity is and has been, to seek to file amicus submissions and respond to the Court's broad

invitations for input.

   3.  Red Tree has also failed to persuade the Court it should exercise its discretion to

permit intervention. The Court's conclusion that Red Tree's motion is untimely applies with

**A004**

equal force to permissive intervention and is a sufficient basis on which to deny permissive intervention. *See In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982) ("An application to intervene, whether of right or by permission, must be timely under the terms of Rule 24."). Furthermore, the Court is concerned that allowing additional creditors who receive conditional attachments to become a Sale Process Party at this late stage will make an already challenging process even more unwieldy and impracticable.

4.     Two further considerations provide additional support for the Court's decision.

(a)     First, the Special Master has recommended that the Court deny the motion, reasoning that "Red Tree had ample opportunity to seek inclusion as a Sale Process Party prior to the Court's entry of the Sale Procedures Order," adding that the Sale Procedures Order "already establishes a process by which Additional Judgment Creditors may have their Attached Judgments considered by the Special Master for purposes of the Sale Transaction." (D.I. 493 at 1) The Court agrees with the Special Master.

(b)     Second, the Court agrees with Crystallex (D.I. 487 at 15-18) and the Venezuela Parties (D.I. 492 at 11-12) that if Red Tree were to be added as a new Sale Process Party, it would be equitable for the Court to require Red Tree to pay an equal, per capita share of the Special Master's fees and expenses, to include those incurred to date and all those going forward. That is, if Red Tree's motion were granted, the Court would require Red Tree to pay one-quarter of the amounts already paid to the Special Master, and one-quarter of all such expenditures going forward. All indications are that Red Tree is unwilling to pay this fair share, arguing it should instead only have to pay a pro rata share (based on the size of its judgment relative to the total judgments involved here) and only going forward. (*See* D.I. 484 at 11 ("Red Tree is committed to paying its *pro rata* share of the Special Master's costs and expenses"); D.I. 489 at 8-10; D.I.

5

**A005**

494 at 8-9)  Such an approach is entirely inconsistent with the approach the Court has taken to
date and appears to have nothing to recommend it.


January 11, 2023                    _____
Wilmington, Delaware                HONORABLE LEONARD P. STARK
                                    UNITED STATES DISTRICT COURT

**A006**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

CRYSTALLEX INTERNATIONAL
CORP.,

<em>Plaintiff</em>,

v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

<em>Defendant</em>.

C.A. No. 17-mc-00151-LPS

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that proposed intervenor Red Tree Investments, LLC, by and through its undersigned counsel, hereby appeals to the United States Court of Appeals for the Third Circuit from the Memorandum Order (D.I. 507) of the District Court entered in this action on January 11, 2023 attached hereto as Exhibit A.

Included herewith is payment of the docketing and filing fee ($505.00) as required by 28 U.S.C. § 1913, the Third Circuit's Miscellaneous Fee Schedule effective December 1, 2020, and Fed. R. App. P. 3(e).

{W0069702.}

**A007**

Dated:  January 19, 2023

Steven F. Molo
Justin M. Ellis
Lauren F. Dayton
Mark W. Kelley
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
smolo@mololamken.com

Elizabeth K. Clarke
Pamela Yaacoub
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL  60654
Tel.: (312) 450-6700

LANDIS RATH & COBB LLP

*/s/ Rebecca L. Butcher*
Rebecca L. Butcher (No. 3816)
Jennifer L. Cree (No. 5919)
919 Market Street
Suite 1800
Wilmington, DE  19899
Tel.: (302) 467-4400
Fax: (302) 467-4450
butcher@lcrlaw.com
cree@lrclaw.com

*Counsel for Red Tree Investments, LLC*

{W0069702.}

**A008**